IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case Nos. 4:13-CR-00117 |
| | : | 4:14-CR-00074 |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| RODGER KENT WILLIAMS, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**
November 24, 2015

Before the Court for disposition is Petitioner Rodger Kent Williams' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF Nos. 49 & 10) and Petitioner's Motion to Appoint Counsel (ECF Nos. 50 & 11). For the reasons that follow, Petitioner's Motions will be denied.

**I.   BACKGROUND/PROCEDURAL HISTORY**

On December 10, 2013, Petitioner Rodger Kent Williams (hereinafter "Petitioner"), pursuant to a plea agreement, plead guilty to (1) two counts of interference with commerce by threats and violence in violation of 18 U.S.C. § 1951 and (2) one count of using and carrying a firearm in violation of 18 U.S.C. § 924(c).[1] This Court subsequently sentenced Petitioner, on June 3, 2014, to

---

[1] Petitioner had been previously indicted in the Eastern District of North Carolina on April 23, 2013 for (1) interference with commerce by threats or violence, (2) using and carrying a firearm during a crime of violence, and (3) possession of a firearm by a convicted felon.

cumulative imprisonment of 246 months. (ECF Nos. 45 & 6).

On August 11, 2014, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence or Conviction Pursuant to 28 U.S.C. § 2255. (ECF Nos. 47 & 8). Despite its caption, this Court interpreted Petitioner's Motion as requesting court transcripts under 28 U.S.C. § 753(f) for the preparation of a Section 2255 Motion to Vacate. By Order dated September 3, 2014, the Court denied this request for transcripts and advised Petitioner to file a 28 U.S.C. § 2255 motion to vacate within the applicable statute of limitations period. (ECF Nos. 48 & 9).

On June 2, 2015, Petitioner filed the pending (1) Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 49 & 10) and (2) Motion to Appoint Counsel (ECF Nos. 50 & 10). Pursuant to a Motion to Defer Briefing filed by the government, the Court, by Order dated July 14, 2015, deferred briefing on Petitioner's Motion and issued to Petitioner a Notice of Election through which he could either choose to have the instant petition ruled on as filed or withdraw it in favor of an all-inclusive filing.[2] (ECF No. 54). Although

---

Similarly, on June 13, 2013, Petitioner was indicted within the Middle District of Pennsylvania for (1) interference with commerce by threats or violence, (2) using and carrying a firearm during a crime of violence, and (3) possession of a firearm by a convicted felon. These indictments stemmed from the robbery of jewelry stores in Cary, North Carolina and State College, Pennsylvania.

[2] Prior to ruling on a Motion to Vacate, Set Aside, or Correct a Sentence or Conviction pursuant to 28 U.S.C. § 2255, courts must provide notice advising a petitioner of the limitations upon filing another petition if his motion to vacate was considered, and giving him an

Petitioner responded to the government's Motion on July 24, 2015, he seemingly misunderstood it as an attempt to preclude his Motion to Vacate and subsequently failed to return a Notice of Election within the prescribed 45 days.  Therefore, by Order dated September 21, 2015, the Court reinstated the briefing schedule and instructed that Petitioner's Motion will be ruled on as captioned. (ECF Nos. 56 & 16).  Having since been fully briefed, the Motion is now ripe for disposition.

## II. DISCUSSION

### A. LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a prisoner may move the sentencing court to vacate, set aside, or correct the sentence when (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, or (3) the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).  Section 2255 does not, however, afford a remedy for all errors that may have been made at trial or sentencing. United States v. Essig, 10 F.3d 968, 977 n. 25 (3d Cir.1993)(citing United States v. Addonizio, 442 U.S. 178 (1979)).  Rather, in order to be afforded a remedy under Section 2255, the movant must identify an

---

opportunity to withdraw and/or amend the motion. United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999); see also Mason v. Meyers, 208 F.3d 414, 417 (3d Cir. 2000).

error which "inherently results in a complete miscarriage of justice." Id.  To direct the Court to such an error, movant must file a Section 2255 motion within one year from the time his conviction becomes final. 28 U.S.C. § 2244.  Where the movant has not filed a direct appeal to the relevant court of appeals, the judgment of conviction becomes final ten (10) days following entry of the judgment. Kapral v. United States, 166 F.3d 565, 577 (3d Cir.1999); see also FED. R. APP. P. 4(b)(1)(A).

In evaluating a Section 2255 motion, the court must accept as true all non-frivolous allegations made by the movant. United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (citing United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005)).  Furthermore, in making its final determination, the district court is required to hold an evidentiary hearing "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).  Therefore, where the record affirmatively indicates that a movant's claim for relief is without merit, the disposition of a petitioner's motion without a hearing would not be an abuse of discretion. See Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985)(citing Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972)).

B.  ANALYSIS

In the instant Motion, Petitioner claims that his sentence should be set aside and/or corrected because: (1) he was coerced by defense counsel into pleading guilty through her outline of possible sentences if he was convicted of both store robberies; (2) defense counsel failed to advise him that the mandatory minimum sentence for brandishing a firearm was seven years which must be served consecutively; and (3) there was no evidence that he "brandished" a firearm in robbing the State College jewelry store.  As a preliminary matter, the Court notes that Petitioner was sentenced pursuant to a plea agreement which included a waiver of Petitioner's right to appeal his conviction or sentence on any ground, including ineffective assistance of counsel.  Because a determination of this waiver's enforceability is dispositive as to the Petitioner's overall entitlement to relief, the Court will first address this issue.

Criminal defendants may waive both constitutional and statutory rights, provided they do so voluntarily and with knowledge of the nature and consequences of the waiver. United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008)(citing Town of Newton v. Rumery, 480 U.S. 386, 393 (1987)).
The right to appeal in a criminal case is specifically among the rights which may be waived. Id. (citing Jones v. Barnes, 463 U.S. 745, 751 (1983)).  Within the Third

Circuit, courts presented with waivers of appellate rights have an affirmative duty to inquire as to the knowing and voluntary nature of the waiver, and whether its enforcement would constitute a miscarriage of justice. Id. (citing United States v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001)).

Concerning the requirement that any waiver of appellate rights is both knowing and voluntary, the Court notes the exhausting nature of its explanation to Petitioner of his rights to appeal and collaterally challenge his conviction.[3] At his change of plea hearing, Petitioner indicated that he fully understood his rights and was waiving them in accordance with the plea agreement his defense counsel had negotiated with the government. Specifically, the following passage from Petitioner's Change of Plea Hearing contains the explanation provided by this Court:

> THE COURT: Mr. Williams, your plea agreement indicates that you waive the right to appeal both direct and collaterally. Are you aware that under section -- excuse me --under Title 18 of the United States Code, Section 1291 affords a defendant the right to appeal a judgment of conviction and sentence, that Title 18 United States Code, Section 3742 subsection (a) affords the defendant a right to appeal the sentence imposed and that Title 28 United States Code, Section 2255 affords a defendant the right to a collateral review of the judgment of conviction or sentence?
> Do you want to consult with Ms. Byrd?

---

[3] On page 14 of the Change of Plea Hearing Transcript, Petitioner is also quoted as responding "yes" when asked by the Court if, following consultation with defense counsel, he voluntarily signed said agreement. See ECF No. 15, Change of Plea Hearing Transcript 14.

(Off the record discussion held between defendant and defense counsel.)

THE DEFENDANT: Yeah.

THE COURT: It's complicated. But Ms. Byrd has explained that to you to your satisfaction?

THE DEFENDANT: Yeah.

THE COURT: And you understand that?

THE DEFENDANT: Yes.

THE COURT: Thank you. Acknowledging then, Mr. Williams, all of those rights, do you knowingly waive the right of appeal of a conviction and sentence and the right to attack your conviction or sentence collaterally?

THE DEFENDANT: Yes.

THE COURT: Mr. Williams, does your waiver include any and all possible grounds for appeal, whether constitutional or non-constitutional, including but not limited to the manner in which the sentence was determined in light of the case of United States versus Booker, a decision of our Supreme Court from 2005?
Do you want to talk to Ms. Byrd for a moment?

(Off the record discussion held between defendant and defense counsel.)

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand what Ms. Byrd's interpretation is of what I have just said to you, Mr. Williams?

THE DEFENDANT: Yes, sir.

THE COURT: Thank you. Mr. Williams, this waiver also includes a waiver of collateral review, including, but not limited to, a motion to vacate judgment under 28 United States Code, Section 2255; a petition for a writ of habeas corpus under 28 United States Code, Section 2241; a motion to amend or for relief from judgment under Rules 59 or 60 of the Federal Rules of Civil Procedure; and a petition for a writ of coram nobis, audita querela, or any other extraordinary writ. This waiver of the right to collateral review includes any and all possible grounds for collateral relief, whether constitutional or non-constitutional, including, but not limited to, the right to allege ineffective assistance of counsel.
Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Williams, do you understand that all of those rights are included in this waiver?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Williams, do you further acknowledge that this appeal waiver is binding only upon you and that the United States retains its right to appeal in this case? Do you want to consult with Ms. Byrd a moment? Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Do you understand, sir?

THE DEFENDANT: Yes.

(ECF No. 15, Change of Plea Hearing Transcript 7-9).[4]

Having considered both the totality of the change of plea transcript and the

---

[4] Petitioner was also questioned as to whether defense counsel fully explained to him the charges against him and the terms of the plea agreement. See ECF No. 15, Change of Plea Hearing Transcript 5, 14.

aforementioned passage, the Court finds that Petitioner both knew his appellate rights and understood that entering into the plea agreement with the government would result in their sacrifice. This waiver took place with ample opportunity for Petitioner to consult with defense counsel, and there is no indication that his acquiescence was anything less than fully knowing and voluntary. Therefore, the Court concludes that the waiver was entered into "knowingly and voluntarily" because Petitioner both knew the "consequences of the waiver" and "understood the terms of the plea agreement and entered into it willingly." Mabry, 536 F.3d at 239.

Despite the "knowing and voluntary" nature of Petitioner's Section 2255 waiver, the Court may, however, still find such a waiver invalid if its enforcement would constitute a "miscarriage of justice." The Third Circuit has found a miscarriage of justice is based on "the clarity of the error, its gravity, its character (e.g. whether it concerns a fact issue, a sentencing issue, or a statutory maximum), the impact of correcting any error on the government, and the extent to which the defendant acquiesced in the result." Mabry, 536 F.3d at 242-43. While the exact contours of what constitutes a "miscarriage of justice" are largely undefined, the Third Circuit has specifically found that the enforcement of a waiver of appellate rights would constitute a miscarriage of justice when the Petitioner presents a

meritorious claim of ineffective counsel. See United States v. Shedrick, 493 F.3d 292, 298 (3d Cir. 2007); see also United States v. Akbar, 181 F. App'x. 283, 286 (3d Cir. 2006)(noting that a miscarriage of justice occurs when plea proceedings were tainted by ineffective assistance of counsel). Having thoroughly examined the record, the Court finds, however, that Petitioner does not assert a meritorious claim of ineffective counsel which would entitle him to relief.

To assert a claim for ineffective assistance of counsel, petitioner must show that defense counsel's performance was constitutionally deficient and that this deficiency effectively prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner may show that counsel provided ineffective representation in a plea agreement if such representation rendered the agreement involuntary or unintelligent. Hill v. Lockhart, 474 U.S. 52, 56 (1985). At all times, the burden is on the Petitioner to overcome the "strong presumption" that his counsel's performance was reasonable. Strickland, 466 U.S. at 687, 689.

In support of his assertion of ineffective counsel, Petitioner first claims that he was "coerced" into pleading guilty because defense counsel, in an eight (8) page letter dated December 2, 2013,[5] presented the possibility of a high sentence if

---

[5] A partial copy of said letter is attached to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 49 & 10).

Petitioner did not enter into a plea agreement. Upon review of the letter, however, the Court finds that this presentation of worst-case sentencing outcomes is in no way deficient or unreasonable. This letter provided petitioner, likely lacking an understanding of sentencing guidelines, an explanation of sentencing outcomes necessary for him to make an intelligent determination of whether to accept the plea agreement.

Second, Petitioner claims that his defense counsel was deficient by failing to advise him of the consecutive nature of the seven-year mandatory minimum sentence on the firearms charge. Upon review of the letter defense counsel sent to Petitioner, however, the Court finds this claim to be meritless as defense counsel continually advised that the seven year term would be "consecutive" or added to the sentencing guideline already calculated for the other two counts. Furthermore, at the Change of Plea hearing, Petitioner acknowledged discussing the guideline range with his defense counsel and again witnessed a calculation of the sentencing guideline range which acknowledged the consecutive nature of the imprisonment term for the firearms charge.[6] Therefore, based on both defense counsel's

---

[6] At the Change of Plea Hearing held before this Court on December 10, 2013, the following exchanged occurred:

> THE COURT: Mr. Williams, has anyone estimated for you what your guideline sentence might be?

11

exhaustive letter and the Petitioner's own affirmative assent under oath to a calculation of his sentencing guideline range, the Court finds that Petitioner was advised by defense counsel as to the consecutive nature of the imprisonment term for the firearms charge.

Finally, the Court finds the Petitioner's insistence that there was no evidence that he "brandished" a firearm in robbing the State College jewelry store to be without merit. Petitioner admitted under oath that he brandished firearms in the State College robbery. Specifically, the Court notes the following exchange pursuant to a presentation of evidence that included evidence Petitioner brandished a firearm:

> MR. ROCKTASHEL: . . . That's a summary of the evidence in the case, Your Honor.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. Ms. Byrd, what did you estimate as the guideline?
>
> MS. BYRD: I believe the guidelines -- I estimated the guidelines to be 135 to 168 months, plus 84 months.
>
> THE COURT: Plus?
>
> MS. BYRD: Eighty-four months, or 219 to 252 months.
>
> THE COURT: 219 to?
>
> MS. BYRD: To 252.

(ECF No. 15, Change of Plea Hearing Transcript 21).

>THE COURT: All right. Mr. Rocktashel, thank you very much. Mr. Williams, you have heard Mr. Rocktashel's statement. Do you fully admit to those facts?
>
>THE DEFENDANT: Yes.

(ECF No. 15, Change of Plea Hearing Transcript 10-13). Given both the evidence presented by the government at Petitioner's change of plea hearing and Petitioner's admission under oath as to that truth of those facts, this Court finds Petitioner's final allegation concerning the inadequacy of evidence that he brandished a firearm to be meritless.

Because the record of Petitioner's prosecution indicates that defense counsel's representative was reasonable and by no means deficient, the Court holds that enforcement of the Section 2255 waiver within Petitioner's plea agreement would not constitute a "miscarriage of justice." Additionally, because <u>Strickland's</u> "so-called "cause and prejudice" standard is clearly framed in the conjunctive," I need not turn to the prejudice prong, as I have already found counsel's representation to be reasonable. <u>See West v. Allen</u>, 868 F. Supp. 2d 1224, 1245 (N.D. Ala. 2011<u>) aff'd sub nom. W. v. Comm'r, Alabama Dep't of Corr.</u>, 685 F.3d 1259 (11th Cir. 2012). Accordingly, the Court will deny Petitioner's Section 2255 Motion because the waiver of appellate rights and collateral attack rights within his plea agreement was entered into both knowingly and voluntary, and because its

enforcement would not work a miscarriage of justice.

## III. CERTIFICATE OF APPEALABILITY

Following the disposition of a Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") is issued. Under 28 U.S.C. § 2253(c)(2), a court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." A COA should, therefore, not be issued unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In the instant case, the Court finds that reasonable jurists would not disagree with its assessment of Petitioner's "knowing and voluntary" waiver of the right to appeal and/or collaterally attack his sentence. Therefore, because Petitioner has similarly not made a "substantial showing of the denial of a constitutional right," the Court declines to issue a Certificate of Appealability.

## IV. CONCLUSION

Based on the foregoing reasoning, the Court concludes that Petitioner has failed to state any claims in his Section 2255 petition that merit relief. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence 28 U.S.C. § 2255 (ECF Nos. 49

& 10) is hereby denied. Because of this denial, Petitioner's Motion to Appoint Counsel (ECF Nos. 50 & 11) is similarly denied as moot.

A Certificate of Appealability shall not be issued.

An appropriate Order follows.

                                  BY THE COURT:

                                  <u>/s Matthew W. Brann</u>
                                  Matthew W. Brann
                                  United States District Judge